

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
BENNIE GIBSON,

                    Plaintiff,                    MEMORANDUM AND ORDER
                                                  12-CV-622(KAM)(RLM)
        -against-

QUEENS DISTRICT ATTORNEY OFFICE
RICHARD BROWN; HON. JUDGE ALOISE;
QUEENS DISTRICT ATTORNEY ASSISTANT
ILLARDI, ESQ.; COURT REPORTER DEBRA
DUNN; ATTORNEY GOLDBERG, ESQ.;
CLERK OF THE NEW YORK STATE
APPELLATE DIVISION SECOND DEPT.;
LT. MCDERMOTT-NEW YORK STATE
CORRECTIONAL OFFICER AT COXSACKIE;
UNKNOWN MAIL CLERK COXSACKIE CORR;
CORRECTIONAL OFFICER JOHN DOE #18 #2;
BIVENS CLAIM 40345388; MR. RAPHAEL
VEGA CLERK; THE CITY OF NEW YORK;
OFFICE OF THE GOVERNOR OF THE STATE
OF NEW YORK; ADMINISTRATIVE CHIEF
JUDGE OF THE STATE OF NEW YORK,

                    Defendants.
----------------------------------x
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Bennie Gibson ("plaintiff") is a serial *pro se* litigant who is currently incarcerated at Upstate Correctional Facility.[1] On February 2, 2012, plaintiff filed the

---

[1] Plaintiff has filed numerous actions in this court and in the United States District Court for the Southern District of New York. *See, e.g., Green v. Queens Auto Crime*, No. 97-CV-03561(SJ) (E.D.N.Y.); *Gibson v. Pepe*, No. 98-CV-02751(SJ) (E.D.N.Y.); *Gibson v. John Does*, No. 99-CV-07839(SJ) (E.D.N.Y.); *Gibson v. Staff Attorney of the Legal Aid, Queen County*, No. 01-CV-01332(SJ) (E.D.N.Y.); *Gibson v. Vega*, No. 01-CV-8379(SJ) (E.D.N.Y.); *Gibson v. Wise*, No. 01-CV-8382(SJ) (E.D.N.Y.); *Gibson v. Johnson*, No. 02-CV-01465(SJ) (E.D.N.Y.); *Gibson v. Vega*, No. 03-MC-00099(LB) (E.D.N.Y.); *Gibson v. Comm'r of Mental Health*, No. 06-CV-3076(SJ) (E.D.N.Y.); *Gibson v. Warden Rikers Island*, No. 07-CV-00244(RJD) (E.D.N.Y.); *Gibson v. The City*, No. 1:07-mc-00293(RJD) (E.D.N.Y.); *Gibson v. Comm'r N.Y.C. Police Dep't*, No. 09-CV-5157(RJD) (E.D.N.Y.); *Gibson v. Comm'r of N.Y. State Corr.*, No. 10-CV-

1

instant action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, along with a request to proceed *in forma pauperis*. Upon review of the *in forma pauperis* application, the court determined that plaintiff had sufficient assets to pay the court's filing fee to commence this action. Accordingly, by order dated March 14, 2012, plaintiff was informed that he must pay the $350 filing fee in order to proceed with his case. (ECF No. 16, Memorandum and Order, dated 3/14/2012.) On April 16, 2012, plaintiff paid the requisite filing fee.

For the reasons set forth below, the complaint is dismissed as to defendants Queens County Supreme Court Justice Michael Aloise; Queens County District Attorney Richard Brown; Queens County Assistant District Attorney Illardi; Court Reporter Debra Dunn; Attorney Goldberg; the Clerk(s) of the New York State Appellate Division Second Department; Raphael Vega, *pro se* writ clerk for the United States District Court for the Eastern District of New York; the City of New York; the Office of the Governor of the State of New York; and the Administrative

---

1897(RJD) (E.D.N.Y.); *Gibson v. Goord*, No. 10-CV-2264(RJD) (E.D.N.Y.); *Gibson v. Comm'r of Mental Health*, No. 04 Civ. 4350(SAS) (S.D.N.Y.); *Gibson v. City Municipality of N.Y.*, No. 09 Civ. 9460(CM) (S.D.N.Y.). By order dated April 30, 2002, the Honorable Sterling Johnson, United States District Judge for the Eastern District of New York, barred plaintiff from filing any future *in forma pauperis* complaints, pursuant to the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, 28 U.S.C. § 1915(g) ("the PLRA"), unless plaintiff could demonstrate that he is under imminent danger of serious physical injury. *See Gibson v. Wise*, No. 01-CV-8382(SJ) and *Gibson v. Vega*, No. 01-CV-8379(SJ), Order and Civil Judgment, dated 4/30/2012. Because plaintiff paid the filing fee, the imminent danger standard does not apply here.

Chief Judge of the State of New York.² Plaintiff's claims against the remaining defendants are hereby transferred to the United States District Court for the Northern District of New York.

## Background

Plaintiff's complaint is far from clear, and the court has had to parse plaintiff's allegations to determine whether the complaint states any viable claims. Plaintiff appears to allege, *inter alia*, that Queens District Attorney Richard Brown, Queens Assistant District Attorney Illardi; Debra Dunn, a court reporter; Goldberg, an attorney; the Clerk(s) of the New York State Appellate Division Second Department; and Raphael Vega, a *pro se* clerk with this court, violated his constitutional rights by failing to respond to plaintiff's motions and inquiries about documents, and by altering documents that plaintiff submitted to the court. (*See* ECF No. 1, Compl. at 10-11, Point Five; *id.* at 13 ¶ 39.)³

Moreover, plaintiff alleges that on December 26, 2010, while incarcerated at Coxsackie Correctional Facility,

---

² Plaintiff names the "City Municipality of New York," the "Governor Office State of New York," and the "Administrative Chief Judge" as defendants in the body of his complaint but fails to list these defendants in the caption. (*See* ECF No. 1, Complaint filed 2/2/2012 ("Compl.") at 4.) Accordingly, the court deems the caption amended to include these three defendants. *See, e.g., Ocasio v. Riverbay Corp.*, No. 06 Civ. 6455, 2007 WL 1771770, at *7 (S.D.N.Y. June 19, 2007) (even though individual not named in caption, text of complaint established that plaintiff intended to name individual as defendant).

³ The references herein to page numbers in the complaint are to the page numbers automatically assigned by the court's electronic case filing system.

3

plaintiff's legal mail was opened by correctional staff outside of plaintiff's presence. (*Id.* at 5 ¶¶ 1-6.) Plaintiff states that:

> stenographic minutes were delivered opened, no envelope, no discovery, no alleged pictures no pro se motion . . . . No prosecutorial motion- no grand jury minutes & minutes were edited, amended, deleted issues raised that were <u>not</u> raised at trial . . . .

(*Id.* at 6 ¶ 1 (emphasis in original).) Plaintiff further alleges that corrections officers at Coxsackie Correctional Facility issued him "tickets" to prevent him from using the law library. (*Id.* at 2, 12.)

Plaintiff seeks monetary damages and unspecified injunctive and declaratory relief. (*Id.* at 15.)

### Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all

actions brought by prisoners against government officials even when plaintiff paid the filing fee).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). A complaint must, however, plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If a district court determines that an action is frivolous or the court lacks jurisdiction over the matter, the court may dismiss the case, *sua sponte*, even if the plaintiff

has paid the filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous if "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy" or if the claims are "based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). A claim is "based on an indisputably meritless legal theory" when it "lacks an arguable basis in law" or a "dispositive defense clearly exists on the face of the complaint." *Id.* (citations omitted).

Even when a complaint has been dismissed, the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, a court may dismiss without leave to amend when amendment would be futile. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

### Discussion

In order to state a claim under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13

F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; rather, it is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

A.  **Justice Aloise**

Plaintiff alleges that Queens County Supreme Court Justice Michael Aloise "is corruptly intentionally instructing [the] clerk to tactically alter minutes to gain advantage over plaintiff in appeal minutes." (ECF No. 1, Compl. at 9, Point Four.) Judges have absolute immunity for their judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions."). Such absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (citations omitted); *accord McHenry v. Trager*, No. 07-CV-5242, 2008 U.S. Dist. LEXIS 2081, at *2-3 (E.D.N.Y. Jan. 10, 2008).

Here, plaintiff's allegations against Justice Aloise arise out of the judge's judicial actions. Even accepting plaintiff's allegations as true, judicial immunity is not

7

overcome by plaintiff's allegations that Justice Aloise was acting corruptly or maliciously. Thus, all of plaintiff's claims against Justice Aloise must be dismissed based on judicial immunity.

B. **District Attorney Brown and Assistant District Attorney Illardi**

Plaintiff brings the instant action against Queens County District Attorney Richard Brown, but does not allege that Brown was personally involved in the alleged deprivation of plaintiff's civil rights. Instead, it appears that plaintiff named Brown as a defendant based solely on the official position he holds. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1991)); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Accordingly, plaintiff's claims against Brown must be dismissed as frivolous. *See, e.g., Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (affirming dismissal of plaintiff's complaint as frivolous on the ground that, *inter alia*, plaintiff failed to

allege that the supervisor defendant was personally involved in the alleged constitutional violation).

Moreover, to the extent that plaintiff asserts claims against Queens County Assistant District Attorney Illardi, it is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks and citations omitted); *see also Doe v. Phillips*, 81 F.3d 1204, 1209 (2d Cir. 1996) (noting that a prosecutor is entitled to "absolute immunity from claims for damages arising out of prosecutorial duties that are 'intimately associated with the judicial phase of the criminal process.'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutorial immunity from Section 1983 liability is broad, covering "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994); *see also Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) (holding district attorneys absolutely immune from claim for malicious prosecution and presentation of false evidence to the grand jury).

Plaintiff alleges that at trial, Illardi failed to "produce a proper chain of command or custody" for a piece of

evidence. (ECF No. 1, Compl. at 9 ¶ 27.) Plaintiff's claims are predicated on Illardi's actions taken within the scope of her official prosecutorial duties when she was presenting the state's case. As such, the activities plaintiff complains of are "intimately associated with the judicial phase of the criminal process," and therefore are afforded absolute immunity. *Imbler*, 424 U.S. at 430-31 ("We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.") Accordingly, the complaint is dismissed as to Queens County District Attorney Richard Brown and Assistant District Attorney Illardi.

C. **Court Clerks**

Plaintiff also asserts claims against Raphael Vega, a *pro se* writ clerk for this court, and the Clerk(s) of the New York State Appellate Division Second Department. Court clerks are afforded absolute immunity to the extent that they are "assisting the judge in carrying out judicial functions." *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988). In addition, clerks are entitled to qualified, good faith immunity in the performance of ministerial, non-judicial duties. *Isasi v. Heinemann*, No. 08-CV-5284, 2009 U.S. Dist. LEXIS 4392, at *4 (E.D.N.Y. Jan. 21, 2009) (citing *Kane v. Han*, 550 F. Supp. 120, 122-23 (E.D.N.Y. 1982)). Under such qualified immunity, clerks

are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

Here, plaintiff alleges that Vega changed the caption of plaintiff's case, thereby converting plaintiff's action, which was initially docketed as a miscellaneous case, into a civil action. (ECF No. 1, Compl. at 10 ¶ 28.) A review of the record, however, indicates that the Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, by order dated November 24, 2009, directed that case 08-mc-608 be closed and that docket number 09-cv-5157 be assigned to the action. *See Gibson v. Comm'r N.Y.C. Police Dep't et al.,* No. 08-mc-608, 09-CV-5157 (slip op. at 2, E.D.N.Y. Nov. 24, 2009). Accordingly, any action taken by Vega or other Eastern District clerks was done at the direction of Judge Dearie. Accordingly, *pro se* writ clerk Raphael Vega is afforded absolute immunity against plaintiff's claims.

Further, plaintiff offers no factual allegations in support of his claims that the Clerk(s) of the New York State Appellate Division Second Department "altered" his documents or "virtually ignor[ed] [his] letters." (ECF No. 1, Compl. at 10 ¶ 34; *id.* at 13 ¶ 39.) Accordingly, because the claim against

11

New York State Clerk(s) of the Appellate Division Second Department is conclusory and lacks any basis in law or fact, it is dismissed as frivolous.

D. **The City of New York**

In order to sustain a claim for relief under Section 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury, and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 124-25 (2d Cir. 2004) ("[A] city cannot be held liable under § 1983 on a theory of *respondeat superior*."). Although the complaint makes conclusory references to "polic[ies] of deliberate indifference" (ECF No. 1, Compl. at 15), it fails to allege, and cannot reasonably be interpreted as alleging, any facts sufficient to demonstrate that any alleged injury to plaintiff was caused by a policy or custom of the municipal defendant, the City of New York. Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Accordingly, plaintiff's action

against the City of New York must be dismissed because it fails to state a claim upon which relief may be granted.

### E. The Office of the Governor and the Chief Administrative Judge of the State of New York

The Eleventh Amendment bars an action in federal court against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). It is well-established that New York has not waived its immunity for Section 1983 suits in federal court, *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977), and that Section 1983 was not intended to override a state's sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). Further, as noted, to prevail on a section 1983 claim for damages against a state official acting in his or her individual capacity, a plaintiff must show that the official was personally involved in the alleged deprivation of the plaintiff's constitutional rights. *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991); *Johnson v. Glick*, 481 F.2d 1028, 1034

13

(2d Cir. 1973) ("[W]hen monetary damages are sought under § 1983, the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required.").

Here, plaintiff names as defendants the Office of the Governor of the State of New York and the Chief Administrative Judge of the State of New York. To the extent that the Governor and the Chief Administrative Judge are sued in their official capacities, they are immune from suit under the Eleventh Amendment. *See Brown v. Paterson*, No. 10 Civ. 5833, 2012 U.S. Dist. LEXIS 25687, at *14-15 (S.D.N.Y. Feb. 28, 2012) ("A governor is immune from suit in his official capacity, pursuant to the Eleventh Amendment, so long as his 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1066-67 (2d Cir. 1989)); *Bliven*, 579 F.3d at 209 ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions."); *Weissbrod v. Hous. Part of Civil Court of City of New York*, 293 F. Supp. 2d 349, 354 (S.D.N.Y. 2003) (administrative judges are entitled to absolute judicial immunity from claims for money damages under Section 1983).

Moreover, to the extent that plaintiff has sued the Governor and the Chief Administrative Judge in their individual

capacities, plaintiff's claims fail because he does not allege that either of these individuals was personally involved in any violations of his constitutional rights. Accordingly, the claims against these defendants are dismissed.

### F. Court Reporter Debra Dunn and Attorney Goldberg

Finally, plaintiff has named as defendants Debra Dunn, a court reporter, and Goldberg, an attorney. The complaint, however, fails to set forth any factual allegations against these individuals. Accordingly, the complaint is dismissed as to these two defendants. *See Iqbal*, 556 U.S. at 678 (complaint is insufficient to assert a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 557).

### G. Transfer of Remaining Claims

Plaintiff's remaining claims concern his treatment while incarcerated at Coxsackie Correctional Facility ("Coxsackie"), which is located in Coxsackie, New York, in Greene County. Specifically, plaintiff alleges that the remaining defendants — Lieutenant McDermott, an unknown mail clerk, and an unidentified correctional officer — violated his constitutional rights by denying him access to the law library and interfering with his legal mail. (*See* ECF No. 1, Compl. at 2, 5, 11-12.)

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. Because all of the remaining defendants are located at Coxsackie and all of the alleged events or omissions giving rise to plaintiff's remaining claims stem from incidents that allegedly occurred at Coxsackie, venue is most appropriate in the Northern District of New York, which has jurisdiction over federal claims arising in Greene County. *See* 28 U.S.C. § 112(a) (Greene County is located within the Northern District of New York); *see also* 28 U.S.C. §§ 1391(b), 1406(a).

## Conclusion

Accordingly, plaintiff's complaint is dismissed as to Queens County Supreme Court Justice Michael Aloise; Queens County District Attorney Richard Brown; Queens County Assistant District Attorney Illardi; court reporter Debra Dunn; attorney Goldberg; the Clerk(s) of the New York State Appellate Division

16

Second Department; Raphael Vega, *pro se* writ clerk at the United States District Court for the Eastern District of New York; the City of New York; the Governor of the State of New York; and the Administrative Chief Judge of the State of New York. In light of the lack of factual allegations in the complaint and plaintiff's long history as a serial filer, the court finds that granting plaintiff leave to amend would be futile. *See, e.g., Roy v. United States*, No. 09-CV-241, 2009 U.S. Dist. LEXIS 109250, at *3-4 (D. Vt. Nov. 20, 2009) (declining to grant leave to amend where amendment would be futile and "in light of the plaintiff's clear pattern of filing frivolous suits in federal courts"); *Gill v. Travelers Cas. & Sur. Co. of Am.*, No. 3:07-CV-382, 2007 U.S. Dist. LEXIS 84066, at *2 n.1, 12 (D. Conn. Nov. 14, 2007) (declining to grant serial litigant leave to amend where amendment would be futile).

Plaintiff's motion for an evidentiary hearing, filed on March 8, 2012, is denied as moot. (ECF No. 11, Motion for Evidentiary Hearing, filed 3/8/2012.) Plaintiff's motion for an extension of time to submit documents for judicial review, filed on March 9, 2012, is denied as moot. (ECF No. 12, Letter Motion for Extension of Time to File Documents on Court Record, filed 3/9/2012.) Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b), filed on March 26, 2012, is denied as moot. (ECF No. 20, Notice of Motion to Vacate, filed 3/26/2012.)

The Clerk of Court is respectfully requested to transfer all remaining claims to the United States District Court for the Northern District of New York. The provision of Rule 83.1 of the Local Civil Rules for the Eastern District of New York that requires a seven-day delay in the transfer of relevant case materials is waived. Although plaintiff paid the filing fee to initiate this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully requested to serve a copy of this Order on the *pro se* plaintiff and note such service on the docket, and to close this case.

**SO ORDERED.**

Dated: May 16, 2012
Brooklyn, New York

/S/
_____
KIYO A. MATSUMOYTO
United States District Judge
Eastern District of New York